UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61173-CIV-MARTINEZ

JUAN ALEXIS TAPIA-ELIAS,

Petitioner,

v.

JUAN GONZALEZ, *et al.*,

Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Juan Alexis Tapia-Elias's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1]. Petitioner challenges his immigration detention at the Broward Transitional Center without having been afforded an individualized bond determination. (*See generally* [ECF No. 1]). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (April 22, 2026 Order [ECF No. 4]). Respondents filed their "abbreviated" Response to the Court's show cause Order on April 26, 2026 [ECF No. 6].[1] Petitioner filed a Reply, [ECF No. 8], and Supplemental Authority, [ECF No. 9] in support of his Petition. The Court has considered the Petition, the Response, the Reply, the Supplemental Authority, the record, and applicable law. For the following reasons, and in accordance with this Order, the Petition is **GRANTED**.

---

[1] While the Court appreciates Respondent's desire to "conserve judicial and party resources" and "expedite the Court's consideration of this matter," Respondent has failed both to provide basic information about Petitioner and to attach the exhibits that may have contained that information. (*See* [ECF No. 6]). The Court therefore advises Respondent to take more care in its future responses, abbreviated or not.

Petitioner is a native of Mexico who has resided in the United States since approximately February of 2016. (*See* Pet. ¶ 48). Neither the Petition nor the Response explains the circumstances of Petitioner's arrival in the United States. (*See generally* [ECF Nos. 1, 6]). From the details that are provided, however, it is clear Petitioner has been in this country for about ten years. (*See* Pet. ¶ 48) (Petitioner "has resided in the United States since approximately February 2016, when he entered the country without inspection as a minor."). U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner on September 25, 2025 during a traffic stop and transferred him to Broward Transitional Center where he is currently being held without bond. (*See id.* ¶ 50). On February 26, 2026, Petitioner requested a bond redetermination hearing, and an Immigration Judge ordered his release on a $5,000 bond. (*Id.* ¶¶ 53-54). (*See also* March 6, 2026 Immigration Judge Order [ECF No. 1-2] 2). The Department of Homeland Security appealed the March 6, 2026 Immigration Judge's Order, automatically staying the Petitioner's bond redetermination. (*See id.* ¶ 55). (*See also* Appeal of March 6, 2026 Order [ECF No. 1-3] 2). As of the date of this Order, Petitioner remains detained. (*See* Pet. ¶ 56). Petitioner asks the Court to order Respondents to immediately release him from custody or, alternatively, to give him an individualized bond hearing pursuant to 8 U.S.C. § 1226. (*Id.* 20).

In its Response, Respondents argue "Petitioner is subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled," which means he is not entitled to a bond hearing. (Resp. 2-3). Respondents acknowledge, however, both that "Judges in this District have reached the opposite conclusion" and that "this Court's recent decision in *Aguilar Merino v. Ripa*, No. 25-23845-CIV-MARTINEZ, 2025 WL 2941609, at *3, 8 (S.D. Fla. Oct. 15, 2025), would control the result here . . . , as the legal arguments are not

materially distinguishable . . . on the issue of which statutory provision authorizes Petitioner's detention." (*Id.* 4-6).

Respondents are correct that the Petition's outcome hinges on whether Respondents' authority to detain Petitioner arises under § 1225(b)(2) or § 1226(a). Respondents are also correct that this Court has already answered that question: For "noncitizens residing in" and "apprehended while already within the United States," § 1226(a) applies. *Aguilar Merino*, 2025 WL 2941609, at *3. This is so because, as the Court explained in *Aguilar Merino*, Congress determined in 1996 that "noncitizens already residing in the U.S." have "more substantial due process rights" than "noncitizens recently arriving." *See id.* In the thirty years since then, federal courts and agencies have uniformly held that § 1226(a) governs the detention of noncitizen residents, while § 1225(b)(2) applies to noncitizens arriving at an entry point. *See id.* Last week, the Eleventh Circuit held the same, explaining that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 at *1 (11th Cir. May 6, 2026).

Respondents detained Petitioner, who has lived in the United States for several years, during a traffic stop—not at the border or the port. (*See* Pet. ¶¶ 48, 50). For that reason, § 1226(a), not § 1225(b)(2), governs his detention. *See Aguilar Merino*, 2025 WL 2941609, at *3; *Hernandez Alvarez*, 2026 WL 1243395 at *1. And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). On March 6, 2026, an Immigration Judge made an individualized custody determination, finding

that Petitioner did not pose a risk of flight or dangerousness, and ordered Petitioner's release on a $5,000 bond. (*See* March 6, 2026 Immigration Judge Order). The Department of Homeland Security immediately appealed the decision to the Board of Immigration Appeals ("BIA"), pursuant to 8 C.F.R. §1003.19(i)(2), which automatically stayed the bond, resulting in Petitioner's continued detention. (*See* Pet. ¶ 55). (*See also* Appeal of March 6, 2026 Order [ECF No. 1-3] 2). As the Court has already explained, this automatic stay "does not satisfy due process, because it allows for the most severe deprivation of liberty without a hint of a process to challenge such deprivation." *Aguilar Merino*, 2025 WL 2941609, at *4.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition is **GRANTED**. Because the Court finds Petitioner is detained under § 1226(a).

2. Respondents must release Petitioner from custody **IMMEDIATELY** upon Petitioner's compliance with the Immigration Judge's March 6, 2026 Order [ECF No. 1-2].

3. This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Miami, Florida, this ⁄⅃ day of May 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     all counsel of record

4